[No. 19456.     Department Two.—March 2, 1895.]

## A. N. GARDNER, RESPONDENT, *v.* G. L. DENNISON ET AL., APPELLANTS.

APPEAL—REVIEW OF CONFLICTING EVIDENCE—INSTRUCTION—BURDEN OF PROOF—PREPONDERANCE OF EVIDENCE.—Where the evidence is conflicting, and that introduced by the plaintiff is sufficient, if believed, to support a verdict for the plaintiff, the appellate court will not disturb the verdict on the ground that the jury disobeyed an instruction that the burden was upon the plaintiff to prove his claim by a preponderance of evidence.

ID.—ACTION FOR WAGES—EVIDENCE—PURCHASE OF LOT FROM DEFENDANT—INSTRUCTION AS TO ISSUES—HARMLESS ERROR.—In an action to recover wages, where there was a dispute as to the amount of wages, and it appeared in evidence that the plaintiff had agreed to purchase a lot from one of the defendants, and that one-half of his wages should be applied monthly in payment thereof, and the questions as to the lot arose incidentally in the effort to show that plaintiff was to be paid the amount of wages claimed by him, and the court correctly instructed the jury as to what the issues were that they were to consider and pass upon, the refusal of the court to instruct the jury, at the request of the defendant, that there was no issue as to the title to the lot, or as to what lot was selected by the plaintiff, is not prejudical error.

ID.—INADMISSIBLE EVIDENCE—AMOUNT OF WAGES—SETTLEMENT OF PARTNERSHIP ACCOUNTS—ABSENCE OF PLAINTIFF.—Evidence of a settlement of the partnership accounts between the partners and as to the amount of the wages of plaintiff settled in the partnership accounts, the plaintiff not being a party to the settlement, is not admissible against the plaintiff, upon the issue as to the amount of his wages.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial.

The facts are stated in the opinion.

*E. C. Bower,* for Appellants.

*W. T. Williams,* for Respondent.

BELCHER, C.—The plaintiff brought this action to recover the sum of seven hundred and seventy-one dollars, balance of account alleged to be due for work, labor, and services done and performed by him for defendants, between the fifth day of August, 1889, and the fifth day of August, 1891, under an agreement by them to pay him fifty dollars per month for such labor and services.

The answer denied that defendants were indebted to the plaintiff in the sum named in the complaint, or in any sum whatever; denied that they ever agreed to pay plaintiff fifty dollars per month, or any sum greater than forty dollars per month; and alleged that the plaintiff had been paid in full for all services rendered to and all indebtedness held by him against them, or either of them. The answer further, by way of counter-claim, alleged that prior to the commencement of the action plaintiff was indebted to defendants in the sum of four hundred and twelve dollars and forty-two cents for balance of a mutual and running account between them, after allowing him the full amount of his wages at forty dollars per month, and that said amount was past due and plaintiff had paid no part thereof.

The case was tried before a jury, and the verdict and judgment were in favor of the plaintiff for the sum prayed for in his complaint.

The defendants moved for a new trial on a statement of the case, and, after a hearing, the court required the plaintiff to remit from the judgment the sum of one hundred dollars, which was done. The court then denied the motion, and from that order the defendants appeal.

The court instructed the jury in effect that the burden was upon the plaintiff to prove by a preponderance of the evidence that the defendants were indebted to him, but that they were not bound to decide the case in

conformity with the testimony of the greater number
of witnesses; that the question was, taking all the tes-
timony of all the witnesses before them, which was
entitled to the greater weight, and that they were to
decide in conformity with the most credible evidence
and that which they believed entitled to the greatest
weight, considering all the facts and circumstances
shown.

The appellants contend that the jury disobeyed the
first part of this instruction, because the decided pre-
ponderance of the evidence as to the amount which was
to be paid plaintiff for wages was in their favor, and
hence that the verdict was not only contrary to the in-
structions of the court, but was not justified by the evi-
dence.

The order appealed from cannot, in our opinion, be
disturbed on this ground. It is true there was a sharp
conflict in the evidence as to the wages to be paid, but
that introduced by the plaintiff was direct and positive,
and was sufficient, if believed, as it must have been, to
meet all the requirements of the instructions and to
justify and uphold the verdict.

The plaintiff commenced working for defendants in
May, 1887. At that time he agreed to purchase from
G. L. Dennison a lot of land in a tract of seventy acres
owned by Dennison, and to pay therefor one thousand
dollars, the lot to be selected by plaintiff when the tract
should be surveyed. He paid down two hundred dol-
lars of the purchase money, and agreed that one-half
of his wages should be applied monthly in further pay-
ment thereof, until the payment should be complete.

The defendants requested the court to instruct the
jury that "the question of the title to the lot, or what
lot has been selected by the plaintiff, is not within the
issues in this case, and it is not a question for you to
consider."

The court refused to give the instruction, and the de-
fendants excepted, and now assign the ruling as error.

It is true there was no issue as to the title or selection

of the lot, but the refusal to give the instruction, if erroneous, was in our opinion harmless. The questions as to the lot all arose incidentally in the effort to show, on one side, that plaintiff was to be paid fifty dollars per month, and, on the other, that he was to be paid only forty dollars per month. The jury could not, therefore, so far as we can see, have been misled by the refusal. Besides the court very clearly and correctly told the jury what the issues were which they were to consider and pass upon.

T. C. Naramore was a witness for defendants, and testified that he was in partnership with Dennison in the business which plaintiff was employed to conduct, but that he did not make the contract with plaintiff, or know what it was, except what was told him; and that he settled his partnership account with Dennison on March 2, 1888.

The witness was then asked: "At what amount of wages paid plaintiff per month did defendant account to you for"? and the question was objected to and excluded.

Defendants then offered to prove by the witness that, when defendant settled with him their partnership business, he charged up wages as paid to plaintiff at forty dollars per month, and also offered to introduce in evidence a statement of the account showing that fact. This evidence was also objected to and excluded.

It is claimed that the court erred in each of these rulings, but we fail to see how any error can be predicated upon them. The effort was to prove matters to which the plaintiff was not a party, and which occurred without his knowledge or hearing. This being so, proof of them was not admissible as indirect evidence (Code Civ. Proc., sec. 1832), or under any rule of law of which we are advised.

The complaint alleged that the plaintiff's demand was for services rendered between August 5, 1889, and August 5, 1891; and it is urged that, under the pleadings, no verdict could be found for the plaintiff except

for the balance due him for services rendered between those dates, and that before he could recover it was necessary for him to prove definitely the amount of dollars and cents the defendants owed him between those dates.

It may be admitted that the rule above stated is correct, and still we fail to see how the appellants can gain any advantage from it. So far as appears, the plaintiff complied with it and introduced evidence sufficient to justify the verdict recovered.

No other points are made for a reversal. The record discloses no prejudicial error, and the order appealed from should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

TEMPLE, J., McFARLAND, J., HENSHAW, J.

Hearing in Bank denied.